LEWIS BRENNAN, Respondent, v. SANTA FE RECEIVERS, Appellants.

Kansas City Court of Appeals, November 1, 1897.

1. **Railroads:** AGENCY OF BRAKEMAN AS TO EXPELLING PASSENGERS: JURY QUESTION. On this record it was a question for the jury to find whether the brakeman at the time he ejected plaintiff as a trespasser from the train was engaged in the duties assigned him.

2. **Appellate Practice:** CREDIBILITY OF SELF-CONTRADICTED WITNESS: TIME OF ACQUIRING INFORMATION. It is not the duty of an appellate court to disregard the testimony of a self-contradicted witness where the trial judge and jury had better opportunities to consider its weight, and neither should probative force be denied testimony of an ex-employee of a railroad company as to the customs and duties of brakemen simply because the witness terminated his connection with the company a year prior to the specific accident on trial.

*Appeal from the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*Gardiner Lathrop, Hale & Whiteman* and *S. W. Moore* for appellants.

(1) A brakeman on a freight train, which does not carry passengers, has no authority to eject trespassers from the train, unless specially authorized so to do by the conductor; and if in the absence of such authority he does eject trespassers, and inflicts injury upon them, the railway company is not responsible for such acts so done outside of the scope of his authority. *Farber v. R'y,* 116 Mo. 81; *Snyder v. R. R.,* 60 Mo. 413;

*Farber v. R. R.*, 32 Mo. App. 378; *Stringer v. R. R.*, 96 Mo. 299; *Walker v. R. R.*, 121 Mo. 575; 2 Woods' Railway Law, sec. 316; *Bess v. R'y*, 14 S. E. Rep. 234; *Marion v. R. R.*, 59 Iowa, 428; *R. R. v. Douglass*, 11 S. Rep. 933; *R. R. v. Anderson*, 17 S. W. Rep. 1039; *Coal Co. v. Heeman*, 86 Pa. St. 418; *Flower v. R. R.*, 69 Pa. St. 210. (2) The responsibility of a railway company for the act of a freight brakeman in ejecting a trespasser depends upon the law of agency. In this case there was no proof that express authority was ever delegated to defendants' brakeman to eject the plaintiff, nor was there any evidence that he had customarily assumed to exercise such authority, with the knowledge and acquiescence of the defendants' superintending officers. *Farber v. R. R.*, 116 Mo. 81. (3) The evidence of witness Padgett was improperly admitted in evidence, for the reason that he was not qualified to speak of the duties of defendants' brakemen at the time of the accident, in September, 1895. *Farber v. R. R.*, 116 Mo. 81; *R. R. v. Reed*, 31 S. W. Rep. 1058.

*Virgil Conkling* and *Russel Kneisley* for respondent.

(1) The master is liable for the tortious act of the servant, done in the course and within the scope of his employment. This states the law, and this law makes conclusive the liability of defendants. *Garretzen v. Duenckle*, 50 Mo. 104; *Snyder v. R. R.*, 60 Mo. 413; *Whitehead v. R'y*, 99 Mo. 264; *Haehl v. R. R.*, 119 Mo. 325; *Voegeli v. Marble & Granite Co.*, 49 Mo. App. 643; *Canfield v. R'y*, 59 Mo. App. 354; *Hartman v. Muehlebach*, 64 Mo. App. 565; *Meade v. R'y*, 68 Mo. App. 92; *R. R. v. Savage*, 110 Ind. 156; Wood on Master and Servant, secs. 287–309; 2 Am. and Eng. Ency. of Law, 753. (2) If the act was incident to the performance of the duties intrusted to the servant, even though in

opposition to the express orders of the master, the liability is fixed. *Garretzen v. Duenckle*, 50 Mo. 110; *Hartman v. Muehlebach*, 64 Mo. App. 574; *Meade v. R'y*, 68 Mo. App. 98; Bishop on Non-Contract Law, secs. 610–613; Cooley on Torts [2 Ed.], secs. 538, 539; Wood on Master and Servant, sec. 307. (3) The master is liable, although the servant exceeds his limited authority. *Rounds v. R. R.*, 64 N. Y. 129; Bishop on Non-Contract Law, secs. 610, 611; Cooley on Torts [2 Ed.], 632, par. 4; Webb's Pollock on Torts, 104, 105.

GILL, J.—In the court below plaintiff recovered a judgment for $1,000 against the defendants on account of damages resulting from being pushed off a running freight train near Carrollton, whereby plaintiff's foot was caught under the wheels and cut off.

STATEMENT.

The plaintiff was a trespasser on the train—seeking to steal a ride from Carrollton to Lexington Junction. He testified that he got on the train by entering between two box cars, sat down on the dead wood of one car, placing his feet on the like projection of the other and held himself in that position by the brake rod of one of the cars. That after the train started and was under headway a brakeman discovered plaintiff and shoved him off, so that he fell upon his head causing his body to so turn as to carry his foot under the wheels of the car.

As to the law of the case, little need be said since the parties practically agree as to the correctness of the court's instructions, which were to the effect that although the jury should find that plaintiff was wrongfully on the train, yet the servants of the road were not authorized to wantonly shove him off while the train was in motion and thereby injure him, and that the railroad company would be liable therefor *provided* the

brakeman was at the time acting in the line or scope of his employment. It is urged by defendants' counsel that there was no evidence offered at the trial which fairly tended to prove this last essential hypothesis, to wit, that the brakeman was authorized by defendants' road to forcibly eject trespassers from its trains. This presents the sole question for our determination.

On a careful consideration of the record we find the court fully justified in submitting the case to the jury. Whether or not the brakeman who pushed plaintiff from the train was at the time, and in so doing, engaged in the performance of duties assigned to him, was a question of fact for the determination of the jury. The jury found this issue in the affirmative, and, as we think, upon ample evidence. According to all the testimony adduced it was the duty of brakemen then engaged on defendants' freight trains to watch and keep off trespassers and those seeking, without right, to ride on such trains. The general duty to keep these intruders away and off the trains involved the specific duty of putting off such parties when so found trespassing and refusing to go. *Haehl v. R'y*, 119 Mo. 325; *Meade v. R'y*, 68 Mo. App. 92.

*RAILROADS; agency of brakeman as to expelling passengers; jury question.*

It is true that certain employees, witnesses for defendants, testified in effect that it was the duty of brakemen on the Santa Fe road at that time to warn away such trespassers, and if they refused to go then to report to the conductor. But plaintiff introduced another witness, one Padgett, who had served as freight conductor on said road for four years, and had in addition more than thirty years' like experience, and according to his testimony brakemen on defendants' freight trains were expected, and it was

*APPELLATE practice: credibility of self-contradicted witness: time of acquiring information.*

their duty to forcibly eject tramps and others found stealing passage on its trains. The brakemen were not required to report to the conductor before expelling such intruders. It is true that this witness was not in all respects consistent in his testimony at the trial, in fact, seems in some degree to have contradicted himself during a long and rigid examination and cross-examination. Under the circumstances, however, we do not feel it our duty to disregard the testimony of the witness. The trial judge and jury have heard the evidence, have seen the witness, and they are much better judges of the proper weight to be given thereto than we are. Neither should probative force be denied the testimony of this witness because his experience in the operation of defendants' road had terminated about a year prior to plaintiff's expulsion and injury. His testimony tended to prove what was then (that is, when he was engaged on the road) the duty of the brakeman, and such duties are presumed to continue until a change is shown.

We have examined the *Farber* case, 116 Mo. 81, and other authorities cited by counsel, and fail to see how they can be successfully invoked to sustain defendants' contention.

Discovering no error the judgment will be affirmed. All concur.